PAEZ,
dissenting in part:
The majority emphasizes that the trial court methodically applied the reliability factors set forth in Oregon law. In addition to considering these factors, the trial court had to find that there was evidence corroborating the hearsay — without corroborating evidence, the hearsay would not have been admissible under Oregon law. I agree with the majority that the trial court’s application of Oregon’s evidence rule was proper. However, as the majority concedes, corroboration is not appropriate under Wright’s constitutional inquiry, and the trial transcript demonstrates that the court did not disregard the corroborating photographic evidence it used in its evidentiary ruling before concluding that the hearsay evidence was constitutionally reliable. In fact, the record indicates that the trial court did not understand that the Oregon standard and the constitutional standard require separate analyses because the use of corroborating evidence is unconstitutional under Wright.
The record reflects that the trial court’s state law analysis, in which it “boot-strappfed] on the trustworthiness of other evidence”, improperly infected its ruling on the constitutional question as well. Idaho v. Wright, 497 U.S. 805, 823, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). This result is decidedly at odds with the Confrontation Clause. Id. Even assuming that at trial Houff objected to the evidence only under the Oregon hearsay rule, the State has not raised a procedural bar against Houffs Sixth Amendment Confrontation claim.
Therefore, in my view we should apply the governing Confrontation Clause doctrine as the Supreme Court articulated it in Wright. Admitting the victim’s hearsay statements was both contrary to and an unreasonable application of Wright. 28 U.S.C. § 2254(d)(1). As a result, I would reverse the district court’s denial of habeas relief on this claim.
Explaining its rule against bootstrapping, Wright stated that “[cjorroboation of a child’s allegations of sexual abuse by medical evidence of abuse, for example, sheds no light on the reliability of the child’s allegations regarding the identity of the abuser.” Id. at 823-824, 110 S.Ct. 3139. Here, the trial court’s ruling on constitutional reliability was contrary to Wright because it referred to photographic evidence of Houffs inappropriate interest in the victim as “a hundred percent corroborating]” the statements about sexual abuse. These photographs, were “not insignificant in assessing the reliability of [the victim] as an informer.” The trial court transparently engaged in exactly the type of bootstrapping prohibited by Wright, rendering its decision contrary to clearly established federal law.
The trial court’s decision was also an unreasonable application of Wright’s totality of the circumstances test. The “unifying principle” of this test is “whether the child declarant was particularly likely to be telling the truth when the statement was made.” 497 U.S. at 822, 110 S.Ct. 3139. In Wright, the Court found that the truthfulness of statements a young girl gave in response to a doctor’s suggestive questions about sexual abuse was not so “clear from the surrounding circumstances that the test of cross-examination would be of marginal utility.” Id. at 820, 110 S.Ct. 3139. Any reasonable application of Wright’s *171 “unifying principle” demonstrates that the victim’s statements in this case bore considerably less indicia of reliability than the constitutionally inadmissible hearsay in Wright. Id. at 822, 110 S.Ct. 3139. The minor victim made the hearsay statements alleging sexual abuse under what the trial court referred to as “obviously coercive” conditions. After first claiming that no sexual abuse occurred, the victim changed her story after her mother threatened to commit suicide and offered to buy her new clothes. In light of the facts before the Court in Wright, it was wholly unreasonable for the trial court here to find that the four-year-old victim was “particularly likely to be telling the truth” after being simultaneously threatened with the death of her mother and allured with the bribe of shopping. 497 U.S. at 822, 110 S.Ct. 3139.
Accordingly, I dissent from the denial of habeas relief on Houffs Confrontation claim. I agree with the majority, however, that the district court properly concluded that Houffs Sixth Amendment claim on his right to a jury trial and proof beyond a reasonable doubt as to facts supporting his dangerous offender sentence enhancement is procedurally barred, and therefore I concur in the majority’s disposition of that claim.